# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510            Telephone: (212) 317-1200
New York, New York 10165                 Facsimile: (212) 317-1620
_____

July 7, 2022

**VIA ECF**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

         Re:     Ayala et al v. Caribbean Spa, LLC et al.
                   Case No.: 1:22-cv-03461-DG-RML

Dear Judge Gujarati:

     Our office represents Plaintiffs in the above captioned matter.

     We respectfully submit this response in opposition to Defendants' request for a pre-motion conference to file their anticipated Motion to Dismiss ("Request").

     First and foremost, Defendants Request should be denied for failure to state a defense to a claim for relief. Defendants request a pre-motion conference to file their anticipated motion under FRCP 12; however, Defendants fail to specify the section and/or subsection under FRCP 12 for such relief. As a result, Plaintiffs are unable to formulate a proper response in opposition.

     Second, Defendants failed to properly serve Plaintiffs' counsel with their Request in accordance with Your Honor's Individual Rules III(A)(2). As of this writing, our office has not received Defendants' Request.

     Assuming *arguendo* that this Request is one for lack of subject matter jurisdiction FRCP 12(b)(1) over Plaintiffs' Wage Theft Prevention Act claims §§ 195(1)-(3). Notably, §§ 195(1)-(3) have not been repealed. *See* N.Y. Lab. Law 195(1)-(3).

     Additionally, the Second Circuit does not preclude "violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing." *See Strubel v. Comenity Bank, 842 F.3d 181, 189 (2d Cir. 2016).*

     Lastly, this Court has found in favor of Plaintiffs where an employer has failed to strictly comply with N.Y. Lab. Law 195(1)-(3). *See (Zhang v Asian Moon Rest. Corp*., 2022 US Dist LEXIS 46124 [EDNY Mar. 15, 2022, No. CV 20-2776 (DG)(AYS)]); (*Avedana v Casa Ofelia's Bakery LLC*, 2021 US Dist LEXIS 158226 [EDNY Aug. 19, 2021, No. CV 20-2214 (DG)(AKT)]) (Citing) Baizan Guerrero v. 79th St. Gourmet & Deli Inc., No. 18-CV-04761, 2019 U.S.

*Certified as a minority-owned business in the State of New York*

Dist. LEXIS 155382, 2019 WL 4889591, at *10 (E.D.N.Y. Sept. 10, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 172369, 2019 WL 4887914 (E.D.N.Y. Oct. 3, 2019); Candelario, 2020 U.S. Dist. LEXIS 244056, 2020 WL 8413558, at *7); (*Jacome v Opt.* 49, 2021 US Dist LEXIS 130005 [EDNY July 9, 2021, No. 1:20-CV-02615 (DG)(PK)]) *See also, e.g.*, Jianmin Jin v. Shanghai Original, Inc., No. 16-CV-5633 (ARR) (JO), 2019 U.S. Dist. LEXIS 120865, 2019 WL 3244187, at *5 (E.D.N.Y. July 19, 2019).

Based on the aforementioned, Defendants request for a pre-motion conference should be denied.

Thank you for your time and consideration to this matter.

Respectfully Submitted,

/s/ *Bryan D. Robinson*
Bryan D. Robinson, Esq.
CSM Legal, P.C.
*Attorneys for Plaintiff*